UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VALERIE CHERRY,

        Plaintiff,

v.

JP RECOVERY SERVICES, INC.,
TARGOSZ & WALKER LEGAL GROUP PLLC,
VICTORIA L. TARGOSZ, and
TRINITY HEALTH-MICHIGAN,

        Defendants.
_____/

## COMPLAINT

### I.  Introduction

1. This is an action for damages, brought by a consumer against debt collectors and a creditor, for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, Michigan Regulation of Collection Practices Act ("MRCPA"), M.C.L. § 445.251 *et seq.*, and Michigan Occupational Code ("MOC") M.C.L. § 339.901 *et seq*.

### II.  Jurisdiction

2. The Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA). The Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

### III.  Parties

3. Plaintiff Valerie Cherry is an adult, natural person, residing in the City of Wyoming, County of Kent, and State of Michigan. Ms. Cherry is a "consumer" and "person" as

the terms are defined and used in the FDCPA. Ms. Cherry is a "consumer," "debtor" and "person" as the terms are defined and used in the MRCPA and MOC.

4. Defendant JP Recovery Services, Inc. ("JPRS") is an Ohio corporation, headquartered at 20220 Center Ridge Road, Suite 200, Rocky River, Ohio 44116. JPRS is registered to transact business in Michigan. The Michigan registered agent for JPRS is The Corporation Company, 40600 Ann Arbor Road East, Suite 201, Plymouth, Michigan 48170. JPRS is licensed (No. 2401001544) by the State of Michigan as a collection agency. JPRS uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. JPRS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. JPRS is a "debt collector" as the term is defined and used in the FDCPA. JPRS is a "collection agency" and "licensee" as the terms are defined and used in MOC.

5. JPRS maintains an internet domain at www.jprecovery.com. The domain links to an active website that describes JPRS as a "full-service organization that specializes in healthcare accounts receivables collections." The website states that JPRS has a "dedicated Quality Assurance Team to ensure the highest standards of ethical and professional conduct" and compliance with the FDCPA and other consumer protection laws.

6. JPRS, through its employees and agents, directly and indirectly participated in the efforts to collect an alleged debt from Ms. Cherry that are described in this complaint.

7. Defendant Targosz & Walker Legal Group PLLC ("TWLG") is a Michigan professional limited liability company, doing business at 15920 West 12 Mile Road, Suite 202, Southfield, Michigan 48076. The registered agent for TWLG is defendant Victoria L. Targosz.

TWLG uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. TWLG regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. TWLG is a "debt collector" as the term is defined and used in the FDCPA. TWLG is a "regulated person" as the term is defined and used in MRCPA.

8. TWLG maintains an internet domain at www.targolszwalker.com. The domain links to an active website that describes TWLG as a "debt recovery law firm." The website states that "TWLG is, bar none, the most well managed and experienced firm in not only in collecting money for its clients, but building bridges between all parties involved in each case."

9. TWLG, through its employees and agents, directly and indirectly participated in the efforts to collect an alleged debt from Ms. Cherry that are described in this complaint.

10. Defendant Victoria L. Targosz is a natural person, age 57. Ms. Targosz is a member, officer, manager, employee and agent of defendant TWLG. Ms. Targosz is a licensed attorney, admitted to the State Bar of Michigan in November 2009. Ms. Targosz uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Ms. Targosz regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Ms. Targosz is a "debt collector" as the term is defined and used in the FDCPA. Ms. Targosz is a "regulated person" as the term is defined and used in the MRCPA.

11. According to the TWLG internet website, "[Ms. Targosz] has over 25 years of experience in collections and creditors' rights issues as well as matters involving the Fair Debt Practices Collection Act [sic]." The website also states, "[Ms. Targosz] has over 27 years in

forwarding legal cases to every state, along with knowledge of each states [sic] collection laws and post judgment remedies."

12. Ms. Targosz directly and indirectly participated in the efforts to collect an alleged debt from Ms. Cherry that are described in this complaint.

13. Defendant Trinity Health-Michigan ("Trinity"), doing business as Mercy Health Saint Marys, is a Michigan non-profit corporation. The registered agent for Trinity is professional limited liability company, doing business at 15920 West 12 Mile Road, Suite 202, Southfield, Michigan 48076. The registered agent for Trinity is The Corporation Company, 40600 Ann Arbor Road East, Suite 201, Plymouth, Michigan 48170. Trinity is a "regulated person" as the term is defined and used in the MRCPA.

14. Trinity, through its employees and agents, directly and indirectly participated in the efforts to collect an alleged debt from Ms. Cherry that are described in this complaint.

15. An entity that itself meets the definition of debt collector is liable for the unlawful collection activities carried out by another debt collector on its behalf. *See, e.g., Pollice v. National Tax Funding, L.P.,* 225 F.3d 379, 404-06 (3d Cir.2000); *Janetos v. Fulton Friedman & Gullace, LLP,* 825 F.3d 317, 325-26 (7th Cir.2016); *Fox v. Citicorp Credit Services, Inc.,* 15 F.3d 1507, 1516 (9th Cir.1994); *Wadlington v. Credit Acceptance Corp.,* 76 F.3d 103, 108 (6th Cir.1996); *Verburg v. Weltman, Weinberg & Reis Co., LPA et al.,* No. 1:13-cv-1328, 2016 WL 1273349, *7-8 (W.D. Mich. Mar. 28, 2016).

16. A shareholder, owner, officer, member, manager, employee or agent of a corporate debt collector can be held liable for violating the FDCPA, without piercing the corporate veil, by being directly involved in the day-to-day operation of the company, including

the training and managing of employees, reviewing or supervising the review of accounts, materially participating in the activities of the company, supervising collection activities, overseeing compliance with applicable collection laws, ratifying unlawful acts, and the like, for the reason that each such individual is himself a "debt collector" within the statutory definition, namely, each is a "person" in a business, "the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). *See Kistner v. Law Offices of Michael P. Margelefsky, LLC,* 518 F.3d 433, 435-438 (6th Cir. 2008); *Russell v. Goldman Roth Acquisitions, LLC,* 847 F.Supp.2d 994, 1004-06 (W.D.Mich. 2012).

**IV.    Facts**

17.    On or about January 11, 2018, March 7, 2018, and April 10 and 22, 2018, plaintiff Valerie Cherry received medical services in the City of Grand Rapids, Michigan, from Trinity Health-Michigan, doing business as Mercy Health Saint Mary's. Ms. Cherry received the medical services for personal, family and household purposes. Any related extension of credit or obligation of Ms. Cherry to pay money for the services was a "debt" as the term is defined and used in the FDCPA.

18.    Ms. Cherry submitted the related bills to her health insurance company for payment.

19.    Ms. Cherry's health insurance company paid money to Trinity.

20.    However, Trinity claims that Ms. Cherry's insurance company failed to pay the bills in full.

21.    Trinity has a written contractual arrangement with defendant JP Recovery

Services, Inc. to collect unpaid medical debts that are allegedly owed to Trinity.

22. Trinity forwarded Ms. Cherry's allegedly unpaid medical debts to JPRS for collection.

23. JPRS retained defendants Targosz & Walker Legal Group PLLC and Victoria L. Targosz to file a lawsuit against Ms. Cherry to collect the alleged debt.

24. The FDCPA states: "Any debt collector who brings any legal action on a debt against any consumer shall . . . . bring such action on in the judicial district or similar legal entity (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a)(2)(A) and (B).

25. The contract giving rise to the alleged debts was signed by Ms. Cherry in the City of Grand Rapids, Michigan, which is the judicial district of the 61st District Court of the State of Michigan.

26. When defendants commenced their action against Ms. Cherry, Ms. Cherry resided in City of Wyoming, Michigan, which is in the judicial district of the 62A District Court of the State of Michigan.

27. Accordingly, defendants were allowed to file their action against Ms. Cherry in only the 61st District Court or 62A District Court.

28. On December 16, 2019, defendants filed a lawsuit against Ms. Cherry to collect the described, alleged medical debts, but the lawsuit was not served right away.

29. On or about January 6, 2020, Ms. Cherry received by mail a marketing letter from a local bankruptcy attorney, advising Ms. Cherry that a debt collection lawsuit had been filed by an unnamed party and against Ms. Cherry in the City of Grandville, Michigan, which is in the

judicial district of the 59th District Court of the State of Michigan, with the Case Number D19C08830GC.

30. On or about January 6, 2020, Ms. Cherry placed a telephone call to the 59th District Court to obtain information regarding the lawsuit that had been filed against Ms. Cherry. The clerk of the 59th District Court could not find any lawsuit filed against Ms. Cherry in the 59th District Court, but the clerk noted that the case number provided by Ms. Cherry involved a numbering system unique to the 63rd District Court of the State of Michigan, which covers a large area of Kent County, Michigan, including Cascade Township and the Cities of Rockford and Lowell, and surrounding areas. The clerk of the 59th District Court went on the internet website for the 63rd District Court, located the lawsuit filed against Ms. Cherry in the 63rd District Court, and provided Ms. Cherry with the telephone number for the filing parties, 248-443-5250, as stated on the filed summons.

31. On or about January 6, 2020, Ms. Cherry placed multiple telephone calls to telephone number 248-443-5250 in efforts to obtain information regarding the lawsuit. Each call was answered by a pre-recorded greeting, asking the caller to leave the caller's name and numbr for a return call. Ms. Cherry left multiple messages with her name and telephone number.

32. On or about January 6, 2020, defendants' employee and agent placed a return call to Ms. Cherry. Upon information and belief, the person placing the return call was actually an employee of JPRS. Regardless, defendants' employee and agent stated that: (a) defendants had filed a lawsuit against Ms. Cherry to collect a debt owed to Trinity in the amount of $1,756.31; (b) Trinity was willing to settle the lawsuit with Ms. Cherry to make an immediate payment of $300.00, to be followed by monthly payments of approximately $100.00 each month until the

7

debt was paid in full; (c) defendants would mail paperwork with the settlement offer to Ms. Cherry for Ms. Cherry's review and signature; and (d) defendants would instruct defendants' process server not to serve the lawsuit on Ms. Cherry.

33. On or about January 6, 2020, Ms. Cherry provided defendants' employee and agent with Ms. Cherry's Medical FSA account information and authorized a payment to Trinity in the amount of $300.00.

34. On or about January 6, 2020, defendants caused $300.00 to be transferred from Ms. Cherry's Medical FSA account and be deposited into a merchant account established in the name of JP Recovery Services, Inc.

35. Despite the foregoing, Ms. Cherry never received the paperwork with the settlement offer that was promised by defendants' employee and agent.

36. On February 6, 2020, in the evening, defendants' process server arrived at Ms. Cherry's residence at 4375 Brookcrest Drive SW, **Wyoming**, Michigan 49418, and served Ms. Cherry with a Summons and Complaint for Case No. D19C08830GC. The Summons and Complaint purported to be signed and filed by defendants Targosz & Walker Legal Group PLLC and Victoria L. Targosz. A copy of the Summons and Complaint served on Ms. Cherry are attached to this complaint as Exhibit A.

37. The documents served on Ms. Cherry contained numerous errors, including:

    a) The caption on the Summons falsely stated that the lawsuit was filed in the **59th District Court**, 3181 Wilson Avenue SW, Grandville, Michigan 49418, when in fact, the lawsuit was filed in the **63rd District Court**.

    b) The caption on the Summons falsely stated that the 59th District Court is

        located at *31**81*** Wilson Avenue SW, Grandville, Michigan 49418, when in fact, the 59th District Court is located at *31**61*** Wilson Avenue SW, Grandville, Michigan 49418.

   c)   The caption on the Complaint falsely stated that the Complaint was filed in the ***60th District Court***, which is Muskegon County, Michigan; the Summons required Ms. Cherry to respond to the lawsuit at the wrong address for the ***59th District Court***; the lawsuit was actually filed in the ***63rd District Court***; and the only lawful districts for defendants to sue Ms. Cherry were the ***62A District Court*** where Ms. Cherry resides, or the ***61st District Court*** where the contract was signed.

   d)   The Summons named Valerie Cherry as the defendant, but the Complaint served with the Summons listed a person named "Claudette Cherry" as the defendant. The plaintiff in this lawsuit, Valerie Cherry, does not know a person named Claudette Cherry.

   e)   Attached to the Complaint were partially redacted medical records for Claudette Cherry, putting Claudette Cherry's privacy at risk, and importantly, caused plaintiff Valerie Cherry to became greatly concerned about where and to whom defendants had improperly served Valerie Cherry's medical records.

38.   On February 6, 2020, Ms. Cherry retained the undersigned legal counsel to figure out when, where and how to defend the state court collection lawsuit that has been wrongfully filed by the defendants named in this lawsuit, determine a course of action to protect Ms.

9

Cherry's privacy and rights, investigate the scope of defendants' unlawful debt collection practices and remarkably shoddy lawyering, to file this lawsuit against defendants for violating the FDCPA, MRCPA, MOC and other laws, and to determine the extent to which defendants have engaged in a pattern and practice of violating the rights of other, similarly situated consumers, and whether defendants may be engaged in a practice of taking default judgments based on lawsuits file in the wrong courts, with improper court captions, with incorrect court addresses, and/or with mis-merged documents related to the wrong parties.

39. On or about February 26, 2020, Ms. Cherry's attorney obtained from the 63rd District Court, a copy of the Summons and Complaint in filed in the state court collection lawsuit by defendants against Ms. Cherry. A copy of the Summons and Complaint is attached as Exhibit B.

40. When defendants filed the state court collection lawsuit against Ms. Cherry, defendants had no legitimate reason to believe that Ms. Cherry resided within the jurisdiction of the 59th District Court or 63rd District Court.

41. Defendants caused the Summons and Complaint to be served on Ms. Cherry at her residence, 4375 Brookcrest Drive SW, *Wyoming*, Michigan 49418.

42. A simple internet search of Ms. Cherry's name on Google discloses that Ms. Cherry resides at 4375 Brookcrest Drive SW, *Wyoming*, Michigan 49418.

43. Similarly, a simple internet search of the address 4375 Brookcrest Drive SW in Kent County, Michigan, discloses that the residence is located in the City of Wyoming, Michigan.

44. When defendants filed the state court lawsuit against Ms. Cherry, a simple search

of Ms. Cherry's name and social security number, using any number of commercially available search engines, such as www.accurint.com, would readily have disclosed that Ms. Brown was then residing in Wyoming, Michigan.

45.     When defendants filed the state court lawsuit against Ms. Cherry, defendants could have gone to an internet website maintained by Kent County, performed a search of Ms. Cherry's residential street address, and immediately determined that Ms. Cherry's residence is located in Wyoming, Michigan.

46.     Defendants failed to maintain procedures, reasonably adapted to avoid filing suit against Ms. Cherry in the wrong judicial district.

47.     Defendants failed to follow procedures, reasonably adapted to avoid filing suit against Ms. Cherry in the wrong judicial district.

48.     Trinity is liable under ordinary agency law for the acts and omissions of its agents, JPRS, TWLG and Ms. Targosz.

49.     As an actual and proximate result of the acts and omissions of defendants and their employees and agents, plaintiff has suffered actual damages and injury, including but not limited to, monetary loss, fear, stress, mental anguish, emotional stress, anxiety, loss of sleep, and suffering, for which she should be compensated in an amount to be established at trial.

**V.     Claims for Relief**

### Count 1 – Fair Debt Collection Practices Act

50.     Plaintiff incorporates the foregoing paragraphs by reference.

51.     Defendants JP Recovery Services, Inc., Targosz & Walker Legal Group PLLC, and Victoria L. Targosz have violated the FDCPA. The violations include the following:

    a)    Defendants violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

    b)    Defendants violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt;

    c)    Defendants violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff;

    d)    Defendants violated 15 U.S.C. § 1692g; and

    e)    Defendants violated 15 U.S.C. § 1692i.

**Wherefore,** plaintiff seeks judgment against each defendant for:

    a)    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    b)    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    d)    Such further relief as the court deems just and proper.

### Count 2 – Michigan Regulation of Collection Practices Act

52.    Plaintiff incorporates the foregoing paragraphs by reference.

53.    Defendants Targosz & Walker Legal Group PLLC, Victoria L. Targosz, and Trinity Health-Michigan have violated the MRCPA. The violations include the following:

    a)    Defendants violated M.C.L. § 445.252(a) by communicating with a debtor in a misleading or deceptive matter, including simulated judicial process;

      b)      Defendants violated M.C.L. § 445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt; and

      c)      Defendants violated M.C.L. § 445.252(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened, and (ii) the legal rights of a creditor or debtor.

**Wherefore,** plaintiff seeks judgment against defendants for:

      a)      Actual damages pursuant to M.C.L. § 445.257(2);

      b)      Treble the actual damages pursuant to M.C.L. § 445.257(2);

      c)      Statutory damages pursuant to M.C.L. § 445.257(2);

      d)      Reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257(2); and

      e)      Equitable relief pursuant to M.C.L. § 445.257(1).

### Count 3 – Michigan Occupational Code

54.    Plaintiff incorporates the foregoing paragraphs by reference.

55.    Defendant JP Recovery Services, Inc. has violated the MOC. The violations include the following:

      a)      Defendants violated M.C.L. § 339.915(a) by communicating with a debtor in a misleading or deceptive matter, including simulated judicial process;

      b)      Defendants violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to

        collect a debt; and

c)     Defendants violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened; and (ii) the legal rights of a creditor or debtor.

**Wherefore,** plaintiff seeks judgment against defendants for:

a)     Actual damages pursuant to M.C.L. § 339.916;

b)     Treble the actual damages pursuant to M.C.L. § 339.916;

c)     Statutory damages pursuant to M.C.L. § 339.916;

d)     Equitable relief pursuant to M.C.L. § 339.916; and

e)     Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

Dated: March 2, 2020                              /s/ Phillip C. Rogers
                                                                   Phillip C. Rogers (P34356)
                                                                   Attorney for Plaintiff
                                                                   6140 28th Street SE, Suite 115
                                                                   Grand Rapids, Michigan 49546-6938
                                                                   (616) 776-1176
                                                                   consumerlawyer@aol.com